# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      V.                          CRIMINAL NO. 04-10042-JLT

ELIOMAR DEOLIVEIRA ALVES,
     Defendant.

## *MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF LEARNED IMMIGRATION COUNSEL (#16)*

COLLINGS, U.S.M.J.

The defendant was arrested on a Complaint on January 21, 2004. At his initial appearance, the Court, upon finding that the defendant was financially unable to afford to retain his own attorney, appointed Max D. Stern, Esquire of Boston to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A *et seq.* ("CJA"). A three-count indictment was

returned on February 18, 2004 charging the defendant with violations of Title 18 U.S.C. § 1028(a)(2) for transferring, on October 20, October 21 and December 17, 2003, a total of ten counterfeit Social Security cards and ten counterfeit alien registration cards knowing the documents to be counterfeit.  Pre-trial proceedings in the case are proceeding apace.

On April 29, 2004, Attorney Stern filed Defendant's Motion for Appointment of Learned Immigration Counsel (#16) seeking the appointment of a second attorney, denoted "immigration counsel," under the CJA.  As reasons for the request, Attorney Stern wrote as follows:

> It will be crucial in advising the defendant as to a number of important matters and decisions to understand the consequences to his immigration status and that of his family.  Since undersigned counsel is not qualified in the specialty of immigration law, he seeks by this motion to obtain the assistance of learned immigration counsel.

Defendant's Motion, Etc. (#16) at p. 1.

As support for the request and the ability of the Court to appoint a second attorney in a non-capital case, Attorney Stern cites Section 2.11 of Chapter 7 of the Guide to Judiciary Policies and Procedures which provides as follows:

2.11 **Compensation of Co-counsel**

2

A.    **Without appointment.** Unless appointed in accordance with paragraphs 2.11 B or 6.01 A, co-counsel or associate attorneys may not be compensated under the Act. However, an appointed counsel may claim compensation for services furnished by a partner or associate or, with prior authorization by the court, counsel who is not a partner or associate, within the maximum compensation allowed by the Act, separately identifying the provider of each service.

B.    **With appointment.** In an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the Act. The finding of the court that the appointment of an additional attorney in a difficult case was necessary and in the interest of justice shall appear on the Order of Appointment. (See paragraph 6.01 A for appointment of more than one attorney in capital cases.)

Attorney Stern's request for the "appointment" of immigration counsel is made pursuant to Part B of Section 2.11.

First, a prerequisite for obtaining the appointment of an additional attorney is that the case be "extremely difficult."[1] Manifestly, there is no

---

[1] Were it not for the requirement that the case be "extremely difficult" before an additional attorney can be appointed, there might very well be routine requests for appointment of immigration counsel in every one of the many cases in which a defendant faces immigration consequences if convicted. If appointments of second counsel became the norm in these types of cases, the resources which Congress provides to pay CJA counsel would be severely strained.

showing that this is such a case. The case involves the transfer of fraudulent documents on the three dates in October and December of last year. While it may not be the simplest case in the world, it is far from "extremely difficult."

Second, Part B is applicable only when a second attorney is to be appointed to *represent* the defendant and enter an appearance in the case. Attorney Stern does not seek the immigration attorney's appointment for purposes of representation; rather, he asserts that he needs such services to "provid[e] advice on immigration matters and to perform whatever research is necessary for that function." Part B does not provide the vehicle for obtaining such advice and research assistance.

Accordingly, it is ORDERED that the Defendant's Motion for Appointment of Learned Immigration Counsel (#16) be, and the same hereby is, DENIED.

Considering the asserted reasons for making the motion, Attorney Stern may choose, in view of the denial of the request for the "appointment" of an additional attorney, to invoke Part A of Section 2.11 which would allow him to seek "prior authorization" from the Court to obtain the services of a "counsel who is not a partner or associate." Such

4

counsel would be compensated by Attorney Stern who would then include such payment in his itemized claim for compensation. However, the compensation for these services would be included within the "maximum compensation allowed by the [Criminal Justice] Act" which Attorney Stern could claim.[2]

The next question is in what circumstances such prior authorization should be given? In my opinion, an attorney appointed pursuant to the CJA should be granted such authorization only when there is a specific need which the CJA attorney himself is unable to meet. That is to say, prior authorization should not be given merely because a defendant is not a citizen and, hence, there will be immigration consequences upon conviction. CJA counsel, although not a specialist in immigration law, should be able to do the research necessary to discover those consequences. If, however, CJA counsel has a defendant where it cannot be discerned, despite CJA counsel's diligent research efforts, what effect a conviction will have on the defendant's immigration status, then a case

---

[2]

      Another avenue for counsel would be to make an *ex parte* application pursuant to another provision of the CJA, i.e., 18 U.S.C. § 3006A(e)(1), for authorization from the court to obtain "expert or other services necessary for adequate representation." In my view, the showing which must be made in order to obtain "authorization" under 18 U.S.C. § 3006A(e) is substantially the same as the showing, discussed *infra,* which must be made to obtain "prior authorization" under Part A of Section 2.11.

can be made that prior authorization to obtain assistance from an immigration attorney should be granted. But, in my opinion, merely indicating in general that a defendant's conviction will have immigration consequences and that CJA counsel is not knowledgeable with respect to immigration law is insufficient to warrant prior authorization.

Attorney Stern cites a case, *United States v. Montano,* 99cv10195-WGY, in which Chief Judge Young did allow the motion of an Assistant Federal Defender for the appointment of a second attorney to advise the Assistant Federal Defender on immigration law. However, in my judgment, the Assistant Federal Defender should not have moved for the appointment of an additional attorney, and the Assistant U.S. Attorney should not have assented to the motion.

First, in *Montano,* the Assistant Federal Defender did not seek the appointment of a second attorney to *represent* the defendant; rather, the request was for "...the *assistance* of learned immigration counsel to interview the defendant and evaluate her predicament" *vis-à-vis* the immigration laws. *Montano,* 99cr10195-WGY, Docket Entry # 26. As in the instant case, there is nothing to indicate that there is a need to have an immigration attorney appointed for purposes of entering an appearance and

providing representation.   Rather, the asserted need is for research, evaluation and advice.

In such circumstances, the Assistant Federal Defender had no need to, and should not have, filed any motion in court.  Rather, he should have hired the immigration attorney to provide whatever advice and research assistance which was needed and compensated the immigration attorney out of the funds which are granted to his office for that purpose.  The Guide to Judiciary Policies and Procedures, Chapter 7, Section 4.03, Part B, provides that:

> B. **Providing for Payment of Investigative, Expert or Other Services**
>
> > (1)  **General Authorization.**  All defender organizations have general authorization to procure investigative, expert or other services under subsection (e) of the Criminal Justice Act, as amended [18 U.S.C. § 3006A(e)], provided that the total expenditure for investigative, expert or other services shall not exceed the budget or grant authorization.

The services of an immigration counsel would come under the term "expert or other services."

Second, even if the Assistant Federal Defender's Motion in *Montano* were proper, in the motion the Assistant Federal Defender listed a specific

problem as to which he could not find the answer even after he had "researched the issue."  This is in contrast to the more general statement which Attorney Stern makes in his motion in the instant case.

Third, the Federal Defender indicated exactly what the immigration attorney would do (interview the defendant in the courthouse) and proposed to notify the Court as to how much additional time the immigration attorney would have to expend after the interview in order to reach a conclusion.  Attorney Stern's request is open-ended.  There is no indication of what specific tasks the immigration  attorney is to perform (other than "...providing advice on immigration issues, and to perform whatever research is necessary for that function") or the amount of time which is expected to be expended.

In my judgment, requests for prior authorization to obtain the services of other counsel under Part A need to be specific as to (a) the need for such services, (b) the extent of the work which other counsel is likely to have to perform, and (c) the estimated cost of the services.  Only when requests meet this standard will the Court be able to make an informed judgment as to whether or not to grant prior authorization.

The denial of Attorney Stern's motion is without prejudice to making

8

a properly supported request for prior authorization pursuant to Part A of

Section 2.11.

_/s/ Robert B. Collings_

_____ROBERT B. COLLINGS
                               United States Magistrate Judge

Date:  May 10, 2004.

9