UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ELIOMAR DEOLIVEIRA ALVES. )<br>) | CRIMINAL NO. 04-10042-JLT |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Eliomar Alves, has pled guilty to three counts charging transfer of false documents, to wit, 10 sets of counterfeit Social Security and alien registration cards, in violation of 18 U.S.C. §1028(a)(2). The parties and the Probation Office are agreed that the Total Offense Level under the guidelines is 12, which, if followed, would lead to a sentencing range of 10-16 months (Zone B) incarceration. However, a sentence of incarceration in not warranted here because (1) the Government has filed a motion to depart under USSG §5K1.1, based upon third party cooperation, and (2), in any event, application of the statutory factors under 18 U.S.C. §3553(a), as prescribed by United States v. Booker,   U.S.  , 125 S.Ct. 738 (2005), indicates that a sentence of probation would be appropriate in the circumstances.

Attached to this memorandum are supporting letters from work associates, friends, and family.

**The Offense Conduct**

The defendant has been convicted of transferring ten sets of documents to an undercover informant, in three exchanges: October 20, 2003 (three sets), October 21 (two sets), and December 17 (five sets). In each of these exchanges, defendant served as a middleman between

the buyer and the counterfeiter, one Carlos Depaula,[1] delivering the proceeds to Depaula and receiving minimal compensation.[2] Defendant has maintained strong ties with the immigrant Brazilian community, and – regretfully in retrospect – rationalized his conduct as helping fellow immigrants who needed to work in order to survive.

### The 5K1.1 Motion

The 5K1.1 motion is based upon the cooperation of a third party brought to the government by the defendant and who was motivated by his desire to assist the defendant. The third party's substantial assistance resulted in prosecution of criminal conduct far more serious than that charged against the defendant.

### History and Characteristics of the Defendant

Defendant is a lawful permanent resident of the United States, having emigrated here in 1987. He is 45 years old, married, with two children: Lorena (18 years, and Gustavo, 6 months). He works as a painting and maintenance contractor, at long hours – 50-60 hours per week.

Mr. Alves is described in the PSR and attached letters as a man of high moral character, generous to others, and deeply devoted to his family, his community, and his church.

His relationship with his family is best described in the letter of Lorena Alves, his

---

[1] Mr. Depaula pled guilty to an information charging him with transfer of documents, possession of document-making implements, and forging of documents. No. 1:04-CR-10062-JLT. He was sentenced on June 3, 2004 to five months in custody, followed by two years of supervised release. He was not a legal resident of the United States and stipulated to a Judicial Order of Removal as part of his plea agreement. The expectation was that he would be deported after serving the five months with, as he was detained was complete, or nearly so, at the time of his sentencing.

[2] For the October 20 exchange, Carlos gave him $50 and bought him lunch; for October 21, Carlos bought him lunch and a drink (no cash); for December 17, defendant received $10 each, or $50.

eighteen year old daughter – who (as she is most fluent in English) speaks for the Alves family. Ms. Alves describes how her parents brought her to the United States, at age 8, speaking only Portuguese. Now she is a Senior at Boston Latin Academy, an exam school, where she has achieved an "A" average, intends to attend college and, hopefully, medical school. She attributes her achievements very much to the guidance, assistance, and love of her father – who, for example, has driven her to and from school, across town, every day for six years.

The Alves' have a very close relationship and Mrs. Alves relies on her husband for much more than economic support. Now they have a new-born son, and, despite Mr. Alves' time consuming work responsibilities, he also serves as caretaker when Mrs. Alves must be out and Lorena is at school.

Mr. Alves is a generous and much-loved member of the local Brazilian community. He is especially involved with assisting immigrants from the small city in Brazil from which he came. A testament to the feelings people have for him was the fact that some fifteen separate persons contributed to put up the cash bond required for his initial release.

**The Appropriate Sentence**

United States v. Booker held that the sentencing judge must determine sentences in accordance with the principles of 18 U.S.C. 3553 (a). That statute states that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)[.]" This has become known as the "parsimony principle." See See, e.g., United States v. Spigner, 416 F.3d 708, 711 (8th Cir. 2005); United States v. Gray, 362 F.Supp.2d 714, 717 (S.D. W. Va. 2005); United States v. Angelos, 345 F.Supp.2d 1227, 1240 (D. Utah Nov. 16, 2004); United States v. Lacy, 99 F.Supp.2d 108, 119 (D.Mass. 2000).

The statutory factors, set forth in 18 U.S.C. §3553(a), are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

A suitable period of probation detention would be sufficient to achieve the sentencing objectives articulated in subsection (2) and would be most consistent with all of the purposes. In this connection, the Court should consider the following:

• The defendant is fundamentally a good and decent man. Detective William Hartford (ret.), in his attached letter, states with the "over 33 years with the Boston Police Department which gave me a high standard of judgment of people," he has formed the highest opinion of the defendant. He has known defendant and his family for nine years, both here and in Brazil.

•There is no risk of re-offense.

• While he does not deny that he knew that what he was doing was wrong – defendant

fully accepts responsibility for the offense – he was motivated principally by his desire to assist his fellow immigrants who needed to work to live. He received minimal compensation for his efforts.

• Defendant is vitally needed by his family – his wife, his baby son, and his daughter who hopes to go to college next year. Incarceration would visit great hardship on them. While this hardship may not be so extreme as to have qualified for departure under pre-<u>Booker</u> rules, it can certainly be considered by the Court in its 18 U.S.C. §3553 analysis.

• Defendant plays a positive role in his community and his church. He would be greatly missed for whatever period incarceration would take.

• As a proximate result of defendant's efforts, (see the 5K1.1 motion), the government has been able to prosecute – and prevent – crime of far more serious moment and danger than anything with which he has been charged.

## **Conclusion**

For the reasons set forth above, the defendant should be sentenced to a period of probation.

Respectfully submitted,

*/s/ Max D. Stern*
Max D. Stern
BBO NO. 479560
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: November 28, 2005.    G:\SSWG\ALVES\Defendant's sentencing memo.wpd